1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERESA L. HARRIS,                          Case No.  2:25-cv-2872-DAD-JDP (PS)

12             Plaintiff,

13        v.                                     ORDER

14   POWERSCHOOL GROUP, LLC,

15             Defendant.

16

17        Teresa L. Harris brings this action against PowerSchool Group LLC and alleges that it

18   violated her rights under Title VII of the Civil Rights Act and the Age Discrimination Act.  ECF

19   No. 1 at 4.  Her complaint is inadequate, however, because it does not contain a short and plain

20   statement of her claims.  I will dismiss the complaint and give plaintiff an opportunity to remedy

21   the deficiencies identified below.

22                    **Screening and Pleading Requirements**

23        A federal court must screen the complaint of any claimant seeking permission to proceed

24   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

25   dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

26   which relief may be granted, or seeks monetary relief from a defendant who is immune from such

27   relief.  *Id.*

28        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

1   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

2   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

3   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

4   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

5   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

6   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

7   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

8   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

9   n.2 (9th Cir. 2006) (en banc) (citations omitted).

10        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

11   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

12   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

13   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

14   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

15   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

16   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

17                  **Analysis**

18        Plaintiff alleges that defendant discriminated against her by failing to hire her, terminating

19   her employment, failing to promote her, imposing unequal terms and conditions of employment,

20   and retaliating against her. ECF No. 1 at 5.  She claims that defendant discriminated against her

21   on the basis of race, color, gender/sex, religion, and age.  *Id.*  Plaintiff has failed, however, to

22   explicitly plead any allegations in connection with these claims.  Instead, she refers the reader to

23   an Equal Opportunity Commission questionnaire.  ECF No. 1 at 9-12.  A brief timeline of

24   incidents is also included, but this appears to have been prepared in conjunction with her

25   questionnaire, and I cannot tell whether it comprises the entirety of her claims against defendant.

26   *Id.* at 13.  Additionally, this timeline does not match each category of discrimination that plaintiff

27   alleges, implying that there are additional claims or, at least, additional context that is lacking.  A

28   viable complaint should make all allegations explicit and inform the defendant of each claim

made against it.  Referring the reader to administrative documents and assuming that they will infer the claims therefrom is insufficient.

The complaint is dismissed with leave to amend.  Any amended complaint will entirely supersede the initial one and must be complete in itself.  It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

Accordingly, it is ORDERED that:

1.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

5.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    January 6, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE